1 EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
2 NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
3 EMILY S. KELLER, # 264983
United States Department of Justice
4 Office of the United States Trustee
280 S. First Street, Suite 268
5 San Jose, CA 95113-0002
Telephone: (408) 535-5525
6 Fax: (408) 535-5532

7 Attorneys for August B. Landis
Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>CHARLES CHUNG MAN NG and<br>MARY JULIET NG,<br><br>Debtors. | Case No. 10-63360 SLJ<br><br>Chapter 11<br><br>Date: June 2, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 3099 |

**MOTION BY UNITED STATES TRUSTEE TO CONVERT OR
DISMISS CHAPTER 11 CASE**

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, Third Floor, San Jose CA 95113, the United States Trustee (the "UST") will, and hereby does, move the Court for the entry of an order to convert or dismiss the above-captioned case pursuant to 11 U.S.C. Section 1112(b).

In further support of this motion the UST requests the Court to take judicial notice of its own records in the case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. Opposition shall be served and filed in accordance with Bankruptcy Local Rule 9014-1.

The UST brings this motion on the grounds that Debtors have failed to file timely,

accurate and complete Monthly Operating Reports ("MORs"), thereby making it impossible for the UST, the Court and creditors to monitor Debtors' performance while in bankruptcy.

## I. FACTS

On December 31, 2010, a Chapter 11 petition was filed by Charles Chung Man Ng and Mary Juliet Ng ("Debtors"). Debtors operate a business called Nature Crafts, Inc., described as a wholesale home decor import and export business. See Petition, Schedule I, SOFA #18.

In addition to the business, the Debtors own their residence and a rental property in San Jose. Schedule A. Schedule I indicates that rents of $2,330 per month are paid to the Debtors. .

This case has been pending for almost four months. The docket in this case indicates that no monthly operating reports have been filed. At this time, MORs for January and February 2011 are past due, and the March MOR is due on 4/21/11. Without timely, complete and accurate MORs, the UST and creditors have absolutely no idea what is happening in the case – the UST cannot determine whether the Debtors are collecting rent, paying any mortgages or taxes, or incurring post-petition debt. The UST is also unable to keep track of the Debtors' cash and verify that cash is being properly segregated per the cash collateral rules. Also, the creditors need to analyze the profitability of the Nature Crafts business and whether the Debtors are making any progress towards reorganization – without accurate MORs, this is impossible.

In addition, the Deebtors have not filed any motion to use cash collateral.

## II. DISCUSSION

A bankruptcy court has the authority to order a Chapter 11 case be converted or dismissed if cause is shown and if the court finds that conversion or dismissal is in the best interest of creditors of the estate. Specifically, § 1112(b) provides:

> . . . [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under

this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1) (Thomson Reuters/West 2009).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances that constitute cause including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (G) failure to attend the meeting of creditors convened under section 341(a) ... without good cause shown by the debtor;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;
>
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order of relief;
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by the court;
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28; . . .
>
> (M) inability to effectuate substantial consumation of a confirmed plan..."

11 U.S.C. § 1112(b)(4).

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000) (citation omitted).

A debtor-in-possession has a duty to file monthly operating reports ("MORs"). See, 11 U.S.C. §§ 704(a)(8) and 1107(a). Bankruptcy Local Rule 2015-2 requires

Chapter 11 debtors to file the MORs no later than the 21st day of the month following the month to which the report pertains. B.L.R. 2015-2. The MORs should be accompanied by the Debtors' bank statements and check registers for the applicable period. The purpose of the MORs is to aid this Court, the UST, and creditors in monitoring the Debtors' performance in the bankruptcy case and to allow all parties to take action if Debtors' situation becomes worse while in bankruptcy.

Here, the parties have been unable to adequately monitor Debtors' performance and the cash in their bank accounts as Debtors have never filed an MOR in this case. The Court, the UST and creditors cannot determine if the Debtors are incurring post-petition debt, paying post-petition taxes, properly segregating rents that are cash collateral, or making any progress towards reorganization. Moreover, the UST cannot accurately calculate the amount of quarterly fees due pursuant to 28 U.S.C. § 1930.

Debtors' failure to file timely, complete and accurate MORs is an example of their unwillingness or inability to perform the duties required of a debtor-in-possession, their desire to avoid creditors and their disregard for the bankruptcy system from which they seek protection. This constitutes cause to convert their case to Chapter 7. 11 U.S.C. § 1112(b)(4)(F).

### III. CONCLUSION

Based on the foregoing, the UST requests the Court to dismiss or convert this case to chapter 7 and for such other relief as the Court deems just and proper.

Dated: April 20, 2011          Respectfully submitted,


                               By:   /s/   John S. Wesolowski
                                     Attorney for United States Trustee

.